Plaintiff brought this suit in the Tenth Judicial District Court in and for Natchitoches Parish, seeking a judgment against her divorced husband for amounts claimed to be due and unpaid on an award of alimony made in divorce proceedings before the Twenty-Eighth Judicial District Court in and for the Parish of LaSalle.
The petition was met with a plea to the jurisdiction filed on behalf of the defendant, which plea, after hearing, was sustained, and judgment rendered dismissing plaintiff's suit. From this judgment plaintiff appealed to this Court.
We are of the opinion that the appeal has been improperly directed to the Court of Appeal in view of the provision of Section 10 of Article 7 of the constitution of 1921 of the State of Louisiana, which directs that the Supreme Court shall have appellate jurisdiction "* * * of suits involving alimony * * *".
Counsel for plaintiff and appellant in brief before this Court contends that this appeal does not fall under the above quoted constitutional provision since it does not involve either a question as to alimony due or the amount thereof. We do not find this argument to be sound in view of the fact that recourse to the prayer of plaintiff's petition discloses the fact that plaintiff *Page 638 
does not seek the enforcement of a judgment but prays to "* * * have and recover judgment in her favor and against the said George E. Roberts in the full amount of $920.00 * * *."
The context of the petition clearly establishes the fact that the judgment prayed for by plaintiff is based on an allowance of alimony. Obviously, such a suit is a suit "involving alimony" over which the Supreme Court is given appellate jurisdiction.
We do not know what matters might be set up by way of defense, and, certainly, it is not only conceivable but entirely probable that a defense would raise points involving the allowance of alimony and the right of plaintiff to a judgment for a specified sum based upon allowance of alimony. Unquestionably, these matters are so related to the essential question of an alimony allowance as to establish the appellate jurisdiction of the Supreme Court.
Accordingly, it is ordered that the appeal be transferred to the Honorable the Supreme Court of the State of Louisiana. Plaintiff-appellant is hereby granted a period of sixty (60) days from and after the date upon which this decree becomes final within which to effect the transfer and to perfect his appeal in said Court, failing which action within the time fixed this appeal is to stand dismissed.
Costs of this appeal are assessed against plaintiff-appellant. All other costs to await final determination hereof.